Carlson v. Christian Brothers Services. Ms. Galevich. Good morning. May it please the Court. The issue presented on appeal today is whether the District Court erred in ruling that the plaintiff's ADA claims were time-barred due to her charge of discrimination being filed beyond 300 days. Citing to the Federal Express Corporation v. Kalawacki, the District Court correctly recognized that the intake questionnaire, or the information sheet, could be considered a charge of discrimination. However, the Court wrongfully held that the plaintiff's information sheet was not a charge. The Court made several errors in rendering this decision. First, it selected an improper regulation to apply. With respect to what information should be included in a charge of discrimination, there are two relevant provisions. 29 CFR, 1601 12a and 12b. Kalawacki and 12b indicate that a charge is sufficient so long as it is written, identifies the parties, and generally describes the action or the practices that are being complained about. The District Court insisted, however, that the more stringent conditions under 12a should have been imposed, so that the plaintiff should have also argued that the number of employees that the employer had, as well as more specific information and facts concerning what the charge related to. Regardless of plaintiff's information sheet filed with the IDHR, plaintiff satisfied both 12a and 12b, because plaintiff addressed each and every one of the points. It described both the parties, provided contact information for Carlson's attorney as well. It provided a clear and concise statement and description of her claims. Plaintiff especially made clear that her claim was based upon perceived disability. She did file a charge eventually, didn't she? Yes, Your Honor, she did. Why did she wait so long? Well, Your Honor, she had filed the complainant information sheet and she was waiting for the Illinois Department of Human Rights to provide her with that charge of discrimination for her signature. What do you mean, waiting to provide it? The Illinois Department of Human Rights was drafting the charge. The complainant's attorney did not file that charge. It took 300 days or something to draft the charge? I know it's unusual, it was about 180 days, Your Honor. However, in the complainant information sheet, all the salient information is there. That the plaintiff had a perceived disability, that she was injured on March 2011 where she was in a car accident, that she walked with a limp, that her supervisors, the HR department, actually told her that while she was out recovering that she should not come back with a cane or with any other assistive devices. But she was required to file a charge, wasn't she? Yes, Your Honor, but within the complainant information sheet, all of the elements were there. But she does still have to file a charge which is separate from the complaint sheet, right? But Your Honor, Well, doesn't she or does she? She does have to, yes, Your Honor. But, you know, there are always deadlines for things like that. There are deadlines, Your Honor, but there's also a relation back statute. The plaintiff did, she filed her complainant information sheet. Well, could she file it five years later or what? No, I would think that five years later would be far too long. However, it was only, it was 398 days, I do believe. Well, that's more than a year. Yes, Your Honor. It's more than 300 days. Yes, Your Honor. And also that initial filing, you know, it said, whatever it is, it said, this is not a charge. Big print. So you can't relate back to something that's not a charge. It does say this is not a charge, Your Honor, but all of the indicia of a charge were there. I mean, it was signed by her attorney. She had all of her elements were within the charge, within the complainant information sheet.  But she did make an affirmative statement that she wanted to have the EEOC look at her case as well as pursue the case on her behalf. The deadlines are for a purpose. You've got witnesses, you have other information, you have people come and go. That's why they put deadlines, and that's a pretty long deadline. It's a long deadline, Your Honor, but there's no... Why didn't she sue her lawyer? I cannot say, Your Honor. Well, isn't that the logical thing to do? The lawyer's fault. I'm sorry, Your Honor. I cannot address that. And I'm out of time. Okay. Thank you, Mr. Kovnatt. Thank you. Mr. Kovnatt? Good morning, Your Honors. May I please the court? My name is Philip Kovnatt with the EEOC. The EEOC filed an amicus brief in this case to correct the district court's conclusion that the complainant information sheet was not a valid charge. I'd like to address Your Honor's point about the language in the form that said this is not a charge. That was in the context of explaining that there would have to be a formalized, notarized document subsequently filed which goes to the verification requirement, which is, it is correct to say that the complainant information sheet could not be verified because there's no language there about penalty of perjury or a place for notarization. The subsequent information you're talking about would be filed with a charge. That's correct, Your Honor, and that's where the section... But not after 300 days. Well, section 1601.12b says that a charge may be amended to cure omissions, including a failure to verify, and any such amendment will relate back to the date the charge is first received. Because her Form 5 document was verified, that relates back to the date that the complainant information sheet was first received, and the language in the document is not controlling. What's controlling is whether she described the alleged discrimination and there's an objective manifestation of a request for remedial action. And the text above the signature line in the complainant information... So there's no deadline? That's not what we're saying, Your Honor. There is... Well, it sounds like what you're saying. Well, the complainant information sheet was filed within 300 days. That met all the requirements of a valid charge. If there is some extended period, such as five years, as Your Honor suggested, there are equitable defenses that an employer can raise, such as latches... What's ridiculous, equitable defense? Well, Your Honor... There have to be deadlines. We agree that there have to be deadlines, and the Supreme Court... Well, Your Honor, I'm just saying that if there is an extended period before the employer receives notice, there are defenses that are available, but this case is not... Well, I like the idea of defenses. When you say equitable, you know, you want the... It's not enough for the defendant to say, there's a deadline, you exceeded the deadline, so go away. You want them actually to show injury from that. Well, I would just say... Then there's no deadline. Five years later, the employer argues he was injured, but can't prove it, you know. I understand Your Honor's concern. I would just say that the charge filing requirement is not jurisdictional. It's a condition prerequisite to filing suit. And to the extent that there are ambiguities or problems with the charge filing process, courts are instructed by the Supreme Court to construe those in favor of protecting the statutory remedies of the charge filer. Because these are remedial statutes that must be construed to protect... What do you mean remedial statutes? Statutes are, you know, there are deadlines in filing lawsuits. We agree that there... You don't just say, well, you know, yeah, he waited 10 years, but no harm done, so let him sue, right? Your Honor, we agree there are deadlines. The complainant information sheet met the requirements of a charge. That was within 300 days. The relation back provision is very straightforward. It was embraced by the Supreme Court in Edelman v. Lynchburg College, and this is a straightforward application. So you're saying the charge, the formal charge, can be filed any time, 5, 10, 20 years later? I'm not taking that position, Your Honor. Well, I think you are, because you're saying it's just a matter of defense for the company, sued, has to prove that it was harmed. That's what you're saying. I'm not saying that there is an unlimited amount of time before the employer... What is the limit? There's no hard and fast rule, Your Honor. Yeah, well, you just said, you're not saying there isn't a limit, and now you won't tell me what the limit is. You just say it's not a hard and fast rule. So you're leaving yourself room to argue for timeliness, no matter how late the charge is filed. I think it's an individualized analysis that must be conducted. That doesn't do anything for me, individualized analysis. It could be 10 years, 20 years, 30 years. Here it was 398 days, which is not such... Well, where do you start, 500 days, 600 days? Again, Your Honor, I can't put a number on it. Usually deadlines are specific. You have X time to file an answer to a complaint, and so on and so forth. That's correct. But in this case, for the court to... I see my red light is on. May I finish? Yes, of course. Thank you. For the court to not apply the relation back provision based on the Form 5 document that was filed 398 days later, Section 1601.12b, which was embraced by the Supreme Court in Edelman v. Lynchburg College. For that reason, we urge this court to reverse the decision... Before you go, I have one question. You're from the EEOC. Do you really want this as a precedent? We do, Your Honor. Yeah, but now people try to follow this. As Judge Bozner is pointing out, this has all sorts of aberrant departures from what the statute is and what the rules are. And you're here, especially with the EEOC, apparently to make a case for really a new law. We don't think it's a new law, Your Honor. What is it? It's not new. This is not the same. And, of course, you're juggling between state and federal, which causes a little more blur. It is unfortunate that this happened, I suppose. The lawyer didn't read something or didn't do something. But you're here saying this has got to be the precedent from now on. We think that the Supreme Court already answered this question in Holowecki as well as in Edelman v. Lynchburg College when it embraced the EEOC's regulations on this question. I didn't see that in Holowecki. What do you... Holowecki explains that informal documents can count as charges for purposes of the timely filing rule as long as they describe the alleged discrimination and... What was the delay there? There was a Form 238, which is an EEOC intake questionnaire, and there was an affidavit attached. And I don't know exactly what was going on internally with the EEOC. There was never a finalized Form 5 document that was verified by the employee in Holowecki. Was that just a missing document? A charge was filed, but it was a missing document that was supplemental to that? Well, the court held that the document that was filed was a charge. They called that a charge, the missing document? They said it was a charge for purposes of the timely filing rule under, in that case, it was the Age Discrimination Act. In this case, it's the ADA. Do you want to send any further questions? Yeah, thank you, Mr. Kovner. Thank you. Ms. Moran? May it please the Court, Catherine Montgomery Moran, Jackson Lewis, and I represent Appali Christian Brothers Services. This case raises two key issues. First, whether the district court correctly ruled that an employment complainant information sheet submitted to the IDHR did not constitute a charge of discrimination under the standard in Holowecki. And secondly, whether the district court correctly ruled that an EEOC charge signed and verified by Plaintiff Jackie Carlson 398 days after the alleged discrimination occurred could not relate back to the information sheet that was not a charge. We submit that the trial court's ruling on these issues was correct and request that this court affirm the judgment in favor of Christian Brothers. We'd like to call this court's attention to some facts that do not appear in the record. There is no contention that the Illinois Department of Human Rights or the EEOC ever misled Carlson or her attorney, and Carlson makes no claim of equitable tolling or equitable estoppel. As a threshold matter, Carlson never submitted an affidavit or any evidence suggesting that she even authorized her attorney to file an information sheet or that she intended to request that the agency act on that information sheet. In fact, Carlson never explained why she did not timely file and verify her charge in the record, and the explanation that she provided today does not appear in the record. There is no admissible evidence in this record regarding the work-sharing agreement between IDHR and EEOC, so to the extent Carlson relies on that, it's improper, and the content of opposing counsel's affidavit about her conversations with representatives of the EEOC and the IDHR, which was obtained after the issue of timeliness was raised, is inadmissible hearsay and should not be considered. Turning to the key issues in the case, it's clear that the information sheet filed by Carlson did not constitute a charge under Holowecki because any reasonable person reading it, and certainly any reasonable attorney, would understand that it is not a charge and that it contains no request for remedial action. The information sheet says in all capital letters, this is not a charge. It could not be more clear. It says that if IDHR accepts your claim, we will send you a charge form for signature. This makes it clear that the document is not a charge, especially when it's read in conjunction with the clear statement that it's not a charge, and any reasonable person who reads the entire document, as it instructs you to do, would understand it's not a charge or a request for remedial action. The language that Carlson and the EEOC cite to must be read in context of the whole form. In context, it is clear that this document is not a charge of discrimination. It specifically says it's not, and the information sheet says the charge must be verified, but it contains no space for verification. The title and the wording of this form suggests that its purpose is for the individual to seek information, but not to request remedial action. Significantly, how do I... Well, do people who file the complaints before, or maybe they never filed it with a charge, but do they use the complaint? Do they take the complaint to the company and say, you know, you've mistreated me. I don't want to bring a lawsuit, but you ought to do something. Otherwise, I might file a charge. Some individuals do that. This individual did not, but individuals do go to the EEOC or the Department of Human Rights to get information about discrimination, and sometimes they want to talk with the agency, and this is mentioned in Holowecki. And, in fact, it was urged by the EEOC that not everything that is filed should be a charge because part of the agency's purpose is to give information, talk to people, many of whom do not file charges of discrimination. Even the EEOC took the position in Holowecki, and the Supreme Court accepted that position, that not every filing is a charge. There must be, in addition to the items suggested in the regulation Luann mentioned, in addition there must be a request for remedial action. It is clear from the face of this document that was filed, the information sheet does not contain a request for remedial action. I mean, it's curious in a way because if you file a complaint in a court, that's your complaint, that's also your charge. So this separation between a complaint and a charge is unusual. What's the thinking behind it? I think as the EEOC maintained in Holowecki, it is to give the agency, in addition to its purpose of pursuing remedial action on behalf of complainants, it also has a purpose of providing information and counseling complainants that is separate from that purpose. And that process is started with the information sheet. If a person wants to take remedial action, they go ahead and file a charge. And the information sheet clearly says this is not a charge because some people want to go and talk to the EEOC, but they may not want to institute remedial action against their employer and put that adversarial process in place. And that was the EEOC's position in Holowecki, and the Supreme Court agreed with it. Now, Carlson cites language in the complainant information sheet that says, under the consent agreement and release, IDHR will also file my charge of discrimination with EEOC, and I authorize EEOC to look into the discrimination alleged above if it has jurisdiction. Read in context with the language stating this is not a charge, a separate charge will have to be filed, it is clear that this language only relates to what would happen if a charge is filed. The language of the information sheet is not, as the EEOC contends in its brief, like Box 2 of the EEOC's current intake questionnaire, which is different from this document. The EEOC Box 2, a charging party can use that form. They can either check Box 1 that says, I want to talk to an EEOC employee before deciding whether to file a charge, or they can check Box 2 that they're citing to that says, I want to file a charge of discrimination. And by checking Box 2, that evinces that they're seeking remedial action. In fact, the language of the information sheet is more like the language on Box 1, which says, I understand that by checking this box, I have not filed a charge. In contrast to the situation here, Ms. Holowecki did make a request to act. She filed a six-page affidavit with her intake questionnaire, and she made a specific request to act and said, please force Federal Express to end their age discrimination. If Carlson's argument is correct, every IDHR information sheet, which contains basic information, is going to constitute a charge of discrimination. And the EEOC's position is that charges can apparently be dispensed with, and that they can be verified in perpetuity, and that cannot be right. It's inconsistent with the view expressed by the EEOC and the Supreme Court in Holowecki, that not every complaint is a charge, because a critical part of EEOC's mission is to respond to inquiries that never become charges. The request to act requirement separates filings from individuals who have questions, want information, from those who want to pursue a charge. In addition, there is no evidence in the record that the IDHR or the EEOC ever considered the information sheet to be a charge prior to the submission of the verified charge in 2013. Neither the IDHR nor the EEOC ever sent the information sheet to Christian Brothers, suggesting that the agency did not believe it was a charge. I understand that's not dispositive under Holowecki, but it is some evidence that the agencies themselves did not consider the information sheet to be a charge. And it is interesting that both agencies assigned 2013 charge numbers, not 2012. The public policy arguments made by the EEOC are not persuasive. The EEOC has broad powers to investigate, with or without a charge, through subpoenas and otherwise. Enforcing the legislatively mandated statutes of limitation will not impair its ability to enforce the civil rights laws. Next, the verification. It's undisputed that the information sheet was never signed by Carlson at all, and never verified by anyone. Is that required in the charge that they've signed? It is required that a charge be signed and verified. It is permissible that a charge be verified. If a charge is filed, a document that would constitute a charge, it can be verified later. But it would have to be all the elements of a charge. The signature can be verified later? The signature can be verified later, yes. But only if it was a charge, which this was not. Okay. That detail could be broken. You've got to sign something. Yes. I wonder if that's a requirement. It has to be signed and verified. And the verification sometimes can come later, you say? It can relate back, but it can only relate back to a charge. It can relate back if it has all the elements of a charge, except for the verification. That's what the relation back requirement refers to. It does not allow you to correct an information sheet that never was a charge, that never requested action after the fact. No case law has been cited where an EEOC charge has been found to relate back to an information sheet in this form used by the IDHR. No case law has been cited where an EEOC charge has been found to relate back to any form that specifically states it is not a charge. To summarize, this case does not warrant expansion of the definition of a charge in the manner urged by Carlson. The information sheet submitted by Carlson's attorney clearly stated it was not a charge, that something more needed to be done to file a charge. It did not contain any requests for remedial action, and it cannot be considered a charge under Holowecki. We respectfully request that the judgment of the district court be affirmed. Okay. Thank you, Ms. Moran. Okay. So, Mr. Galevich, I mean, sorry, Ms. Galevich or Mr. Covenaught, do you have anything further? Just briefly, Your Honors. I'd just like to address the argument by Ms. Moran that the fact that the EEOC or IDHR did not treat the document as a charge is somehow relevant to the analysis. That argument was squarely presented in Holowecki. The defendant in Holowecki argued specifically that the definition of a charge should be conditioned on whether or not the agency serves the document on the employer, and the Supreme Court said it would be illogical and impractical to make the definition of a charge contingent on a condition that is beyond the party's control. So that argument is completely foreclosed by Holowecki. What's the charge here? The charge here is the complainant information sheet because it meets the regulations. Section 1601.12. You mean every complaint is a charge? No, Your Honor. There are four requirements that a document must meet to count as a charge. It must describe the alleged discrimination. It must identify the parties. It must objectively manifest a desire for remedial action. And it must at some point be verified. And here, the objective manifestation of remedial action was the text above the signature line which says, I authorize EEOC to look into the discrimination alleged above. And in the portion in which Ms. Carlson was describing the alleged discrimination, it says discrimination you are requesting IDHR to investigate. That is an objective manifestation of a desire for an investigation which is sufficient under Holowecki and the regulations. Just to that point, do you want to address Ms. Moran's argument about the separation of information contained speaking to an investigation versus charge? You seem to suggest that this contains enough asking for the inquiry to satisfy the charge aspect. That's correct, Your Honor. There are informal documents that are plainly seeking information, and there's no reason to believe that the person submitting it to the agency is seeking anything more than to be educated about his or her rights. But when there is any manifestation of a desire for an investigation or some other type of remedy, that is sufficient. So in our document, what's the indication in your view that they want more than an inquiry into the matter? The text above the signature line says, I understand that the Illinois Department of Human Rights will also file my charge with EEOC, and I authorize EEOC to look into the investigation. Well, that's a stock line, right? Is that a stock line? That's correct, but that isn't. So that would be any charge in this setting requiring the Illinois agency. It would be a charge, as Judge Posner said. Everyone would be in charge, right? You're treating every complaint as a charge because every complaint complains, right? That's correct. It wants some kind of relief, whether from the company or from the agency. So you just eliminated the requirement of a charge by construing the complaint as a charge. If it is something... It will always be that. That's what a complaint is. A complaint complains. I'm annoyed. The company mistreated me. That's correct. That's what's in the complaint. You treat that as a charge. So long as there is some manifestation of a desire for remedy. Yes, exactly. Every complaint on your approach is going to be a charge because every complaint is going to be asking for relief against the company. Otherwise, you don't file a complaint. But there still is a verification requirement that must be met, which could happen... Yeah, in 20 years from now with relation back. No deadline on the verification. It's a mess. Your Honor, we don't think that this is a case that presents such an extreme situation. It's bad enough. You have a long deadline. You don't want to have the deadlines extended indefinitely. I don't think that's the position the EEOC is taking. I think it is. Well, what is the law the Commission is seeking here? Just some equitable relief in this case? Is this some limited case that the Commission is interested in?  I'm not sure I understand the Commission's position. It's a limited position in the sense that the document filed here constitutes a charge for purposes of the Supreme Court's decision in Holowecki and the EEOC regulations which govern what a document must contain to count as a charge. We're not talking about any other forms or any broader principles. We're just saying that the form in this case was minimally sufficient to meet the 300-day statute of limitations and permit Carlson to proceed in her ADA claim on the merits. Well, can you inform us whether this Illinois complaint information sheet is representative of what is a nationwide document? It is not, Your Honor. It's the first I've ever seen it and as far as I know... Is it because of the Illinois document, the way it's set up? Is that the Commission's inquiry or interest, excuse me? The Commission's interest is that we issue procedural regulations on what a document must contain to count as a charge and if a court misconstrues those regulations, we are interested in correcting that. That's the basic reason the EEOC is here. What's a complaint that isn't a charge? If it is not verified, that would be the most... Forget the verification. We're talking about the content of the complaint. Well, if it doesn't identify the parties, if it gives no... Well, it doesn't identify the parties. What are you talking about? The complaint is going to be signed by someone. It's going to say, I'm complaining about a company with a name. It's not going to leave out the name of the parties. That's not necessarily true, Your Honor. There are documents that are... Well, it's ridiculous. What do you do with something which doesn't have names on it? Right, and that would not be sufficient. I'm giving you a more serious example of a complaint which is not a charge, but the complaint does contain names. Does that make it a charge as a complaint? Your Honor, if there's no... If it has names in it, all you need is names? No, it must identify the parties, it must describe generally... Identify the parties. I said assume there are names in it. So forget about identifying the parties. It also must describe the alleged discrimination in general terms and it must objectively manifest a desire for remedial action. If those requirements are met, courts are to construe documents as charges for purposes of the 300-day timely filing. You mean remedial action by the agency. I'm sorry? You mean remedial action by the agency, not by the company. That is what I meant. I'm sorry, I misspoke. Right, by the agency. Correct. You have some form of remedy by the recipient of the charge or document and that would be the agency. Well, if they're asking for the agency to do something, what do you need a charge for? The charge is what is a formalized document that is verified and typically served on the employer. Look, this is ridiculous. Mess. You should just be able to make things simpler in having these successive documents. I understand we are chagrined that there is litigation over something that should be so basic, and that is a function of the fact that there are state agencies and federal agencies and not everybody. Mr. Collins, let me ask you one last question, if I may. It's required that you have a clear and concise statement of facts, including pertinent dates, constituting the alleged unlawful employment, and that's 1601.15b. Now, if that's there, the alleged unlawful employment practice, should we always read into it that they want remedial efforts? I don't think so, Your Honor, because there was a description of the alleged discrimination in Holowecki and the court said that there has to be something more. The court said that there has to be some additional request for a remedy. So I don't think that just describing the discrimination alone is sufficient, but I think that if... Well, why would someone, I'm applying some common sense here, allege unlawful employment practices and not be implicitly looking for a remedy? Why are we looking for a second step, as Judge Posner made the inquiry? The second step is required by Holowecki. I take Your Honor's point that it's implied when you describe discrimination. Well, wouldn't you probably be here if we didn't have Holowecki arguing that that's a request for a remedial step? Wouldn't that be the Commission's mandate if someone says they've got an unlawful employment practice? I really can't answer the hypothetical if Holowecki didn't exist, whether we would be here, Your Honor. Thank you. If Your Honors have no further questions, I will sit down. Thank you. Okay, thank you to both sides.